# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-896V
### Filed: August 2, 2019
UNPUBLISHED

|  |  |
|---|---|
| CATHERINE GONZALES, | |
| Petitioner, | Special Processing Unit (SPU); |
| v. | Damages Decision Based on Proffer; |
| | Influenza (Flu) Vaccine; Shoulder |
| SECRETARY OF HEALTH AND | Injury Related to Vaccine |
| HUMAN SERVICES, | Administration (SIRVA) |
| Respondent. | |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.*
*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 26, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine administered on September 21, 2005. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 12, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On August 2, 2019, respondent filed a proffer on

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating petitioner should be awarded $393,964.66 consisting of $4,085.70 for projected unreimbursable vaccine-related expenses, $285,328.07 for lost earnings, $100,000.00 for pain and suffering, and $4,550.89 for past unreimbursed expenses.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $393,964.66 (consisting of $4,085.70 for projected unreimbursable vaccine-related expenses, $285,328.07 for lost earnings, $100,000.00 for pain and suffering, and $4,550.89 for past unreimbursed expenses) in the form of a check payable to petitioner, Catherine Gonzales.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                        )
CATHERINE GONZALES,                     )
                                        )
                                        )      No. 16-896V
                    Petitioner,         )      Chief Special Master
                                        )      Nora Beth Dorsey
v.                                      )      ECF
                                        )
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
                    Respondent.         )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 7, 2018, respondent filed his Vaccine Rule 4(c) report conceding

entitlement to compensation in this matter.  On September 12, 2018, the Court entered its Ruling

on Entitlement, finding petitioner Catherine Gonzales entitled to Vaccine Act compensation.

Respondent now proffers that petitioner receive a compensation award consisting of a lump sum

of $393,964.66 in the form of a check payable to petitioner, Catherine Gonzales.[1] This amount

consists of $4,085.70 for projected unreimbursable vaccine-related expenses, $285,328.07 for

lost earnings, $100,000.00 for pain and suffering, and $4,550.89 for past unreimbursed expenses,

and represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to

which petitioner is entitled.[2]

_____

[1]  Petitioner is a competent adult.  No guardianship is required.

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for
future medical expenses, future lost earnings, and future pain and suffering, and the parties
reserve the right to move the Court for appropriate relief.

Petitioner agrees with the proffered award of $393,964.66.[3]

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/GLENN A. MACLEOD*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: August 2, 2019

---

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).